[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14114
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 01-00032-CR-3-LAC-MD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN CHARLTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 5, 2010)

Before EDMONDSON, BLACK  and MARTIN, Circuit Judges.

PER CURIAM:

Warren Charlton appeals his 24-month sentence imposed following revocation of his term of supervised release under 18 U.S.C. § 3583(e)(3). On appeal, Charlton contends the district court plainly erred by imposing an upward departure based solely on hearsay statements contained in the revocation petition filed by his probation officer. He observes that the district court failed to follow the procedures for considering hearsay evidence set forth in *United States v. Frazier*, 26 F.3d 110 (11th Cir. 1994).

Where, as here, a defendant did not raise a claim of sentencing error before the district court, we review only for plain error. *United States v. Dudley*, 463 F.3d 1221, 1227 (11th Cir. 2006). Under the plain error standard, the defendant must show: (1) an error, (2) that is plain, and (3) that affects his substantial rights. *Id.* If all three factors are met, we "may exercise discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* For an error to be plain, it must be "clear under current law." *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (quotation omitted). If neither our Court nor the Supreme Court has resolved an issue, the defendant cannot establish plain error with respect to that issue. *Id.*

"[P]lain error review should be exercised sparingly, and only in those circumstances in which a miscarriage of justice would otherwise result. . . . [W]e

have explained that our power to review for plain error is limited and circumscribed, that the plain error test is difficult to meet, and that the plain error rule places a daunting obstacle before the appellant." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotations and citations omitted).

"Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic." *Frazier*, 26 F.3d at 114. "Defendants involved in revocation proceedings are entitled to certain minimal due process requirements[,]" including "the right to confront and cross-examine adverse witnesses." *Id.* Before hearsay evidence may be admitted at a revocation hearing, the district court therefore "must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.*[1]

To establish a due process violation resulting from the district court's admission of hearsay evidence in a sentencing hearing, "[t]he defendant must show

---

[1] *Frazier* involved a challenge to a district court's finding that the defendant violated the terms of supervised release. *See Frazier*, 26 F.3d at 114. We have not addressed whether a district court must conduct a *Frazier* analysis before considering hearsay evidence in connection with a sentence imposed following revocation of supervised release. Nevertheless, the standard for admission of hearsay at sentencing is analogous to the *Frazier* standard. *Cf. United States v. Baker*, 432 F.3d 1189, 1253 (11th Cir. 2005) (explaining that a district court may consider hearsay evidence at sentencing, "provided that the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence"). Moreover, both parties analyze this case under *Frazier*. Therefore, we assume for the purposes of this appeal that *Frazier* applies to a sentence imposed following revocation of supervised release.

(1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991) (quotation omitted). "While it may be advisable and in some instances necessary for a district court to make distinct findings regarding the reliability of hearsay statements used at sentencing, the absence of such findings does not necessarily require reversal or remand where the reliability of the statements is apparent from the record." *United States v. Gordon*, 231 F.3d 750 (11th Cir. 2000).

Although *Frazier* held a district court must engage in a balancing test when the defendant objects to the admission of hearsay evidence, no published case in this Circuit or the Supreme Court has held that a district court must explicitly engage in such analysis in the absence of an objection. In fact, at least one court has held in a published opinion that a district court does not commit reversible error simply by failing to explicitly conduct a balancing test when no objection was raised. *See United States v. Stanfield*, 360 F.3d 1346 (D.C. Cir. 2004). Because it is not clear under our precedent whether the district court erred by failing to explicitly conduct a balancing test in the absence of an objection, such failure cannot constitute plain error.

We therefore review the district court's admission of the hearsay evidence for plain error despite the court's failure to explicitly delineate its reasons for doing so. Charlton has not met his burden of showing that the district court plainly erred by finding that the facts found in the revocation petition, which were based on the Texas police report, had "some indicia of reliability." *Taylor*, 931 F.2d at 847. Charlton has failed to demonstrate that the court's implicit determination that the evidence was sufficiently reliable to indicate a high risk of felonious conduct constituted an error that is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). In other words, even though the charges against Charlton were ultimately dropped, a reasonable argument could be made that the revocation petition was sufficiently reliable to indicate a high risk of new felonious conduct. The district court's admission of the hearsay evidence therefore did not constitute plain error. Accordingly, we affirm Charlton's sentence.

**AFFIRMED.**